IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

OZELIA HICKS, JR.,

    Plaintiff,

v.                                  Civil Action No. 3:17CV851

DAVID S. CLEMENTS,

    Defendant.

**MEMORANDUM OPINION**

Ozelia Hicks, Jr., a Virginia inmate proceeding pro se and in forma pauperis, has filed this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The

second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355

2

U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, sua sponte, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir.

1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Complaint, Mr. Hicks named David S. Clements as the sole defendant. Mr. Clements served as Mr. Hicks's counsel during Mr. Hicks's state criminal trial. Mr. Hicks contends that, inter alia, Mr. Clements violated his constitutional rights and engaged in legal malpractice. Mr. Hicks demands millions of dollars in damages.

## III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). Private attorneys and public defenders do not act under color of federal authority when they represent defendants in criminal proceedings. See Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that attorneys do not act under color of state or federal law when

representing clients, and therefore relief cannot be obtained under either section 1983 or Bivens); see Bagguley v. Cogburn, Nos. 89-7102, 89-7103, 1990 WL 139323, at *1 (4th Cir. Sept. 26, 1990). Accordingly, Mr. Hicks has failed to state a viable § 1983 claim against Mr. Clements, and Mr. Hicks's constitutional claims will be dismissed.

"To state a cause of action for legal malpractice under Virginia law, plaintiff must show (1) the existence of an attorney-client relationship giving rise to a duty; (2) the breach of that duty by the attorney; and (3) damages proximately caused by the breach." Jones v. Link, 493 F. Supp. 2d 765, 771 (E.D. Va. 2007) (citing Rutter v. Jones, Blechman, Woltz & Kelly, P.C., 568 S.E.2d 693 (Va. 2002)). Furthermore, in a legal malpractice action arising from a criminal case, where the plaintiff contends his attorney's negligence resulted in an erroneous conviction or a longer sentence, he must also allege "that he has obtained postconviction relief." Id. at 769 (quoting Taylor v. Davis, 576 S.E.2d 445, 447 (Va. 2003)); Astrop v. Brunswick, No. 3:06CV640-HEH, 2007 WL 6080449, at *2 (E.D. Va. Apr. 26, 2007)(alterations in original) (citation omitted) ("Virginia requires an inmate bringing a claim for legal malpractice arising out of his conviction or sentence to 'alleg[e] and prov[e] as a part of his cause of action that he has obtained post-conviction relief."), aff'd, 251 F. App'x 227

5

(4th Cir. 2007). Mr. Hicks has not obtained any post-conviction relief with respect to his state conviction. See Hicks v. Clements, No. 3:17CV96, 2017 WL 1963901, at *1 (E.D. Va. May 11, 2017) (dismissing Mr. Hicks's successive, unauthorized challenge to his state conviction), appeal dismissed, 699 F. App'x 199 (4th Cir. 2017). Thus, Mr. Hicks has failed to state a claim for legal malpractice. Accordingly, Mr. Hicks's legal malpractice claim will be dismissed.

The action will be dismissed for failure to state a claim and as legally frivolous. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Mr. Hicks.

Date: November 1, 2018
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge